IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| Eleazar Montgomery,<br><br>    Plaintiff,<br><br>  vs.<br><br>GoodLeap LLC; Experian<br>Information Solutions, Inc.;<br>Equifax Information Services,<br>LLC; and Trans Union, LLC,<br><br>    Defendants. | No. 1:25-cv-00296-MR-WCM |

**Defendant GoodLeap, LLC's
Answer and Affirmative Defenses**

Subject to, and reserving, its arbitration rights under the applicable agreement, Defendant GoodLeap, LLC ("GoodLeap") answers the Complaint filed August 29, 2025, by denying the allegations of the Complaint not expressly admitted below and otherwise responding:

**Jurisdiction and Venue**

1. Responding to paragraph 1, GoodLeap denies that the court has subject matter jurisdiction because no case or controversy exists and Plaintiff's claims are subject to the parties' arbitration agreement. GoodLeap denies any remaining allegations of this paragraph.

Case 1:25-cv-00296-MR-WCM  Document 34  Filed 04/20/26  Page 1 of 34

2. Responding to paragraph 2, GoodLeap denies that venue is appropriate because no case or controversy exists and Plaintiff's claims are subject to the parties' arbitration agreement. GoodLeap denies any remaining allegations of this paragraph.

3. Paragraph 3 states legal conclusions to which no response is required. To the extent a response is required, GoodLeap denies the allegations of this paragraph.

4. Paragraph 4 states legal conclusions to which no response is required. To the extent a response is required, GoodLeap denies the allegations of this paragraph.

## Parties

5. GoodLeap incorporates its responses to the foregoing paragraphs by reference.

6. Responding to paragraph 6, GoodLeap lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, so GoodLeap denies the allegations of this paragraph.

7. Paragraph 7 states legal conclusions to which no response is required. To the extent a response is required, GoodLeap denies the allegations of this paragraph.

8. Paragraph 8 states legal conclusions to which no response is required. To the extent a response is required, GoodLeap denies the allegations of this paragraph.

9. Paragraph 9 states legal conclusions to which no response is required. To the extent a response is required, GoodLeap denies the allegations of this paragraph.

10. Paragraph 10 states legal conclusions to which no response is required. To the extent a response is required, GoodLeap denies the allegations of this paragraph.

11. GoodLeap admits the allegations of paragraph 11.

12. Paragraph 12 states legal conclusions to which no response is required. To the extent a response is required, GoodLeap denies the allegations of this paragraph.

13. GoodLeap admits the allegations of paragraph 13.

14. Paragraph 14 states legal conclusions to which no response is required. To the extent a response is required, GoodLeap denies the allegations of this paragraph.

15. Responding to paragraph 15, GoodLeap lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, so GoodLeap denies the allegations of this paragraph.

16. Paragraph 16 states legal conclusions to which no response is required. To the extent a response is required, GoodLeap denies the allegations of this paragraph.

17. Responding to paragraph 17, GoodLeap lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, so GoodLeap denies the allegations of this paragraph.

18. Responding to paragraph 18, GoodLeap lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, so GoodLeap denies the allegations of this paragraph.

19. Paragraph 19 states legal conclusions to which no response is required. To the extent a response is required, GoodLeap denies the allegations of this paragraph.

20. Responding to paragraph 20, GoodLeap lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, so GoodLeap denies the allegations of this paragraph.

21. Paragraph 21 states legal conclusions to which no response is required. To the extent a response is required, GoodLeap denies the allegations of this paragraph.

22. Responding to paragraph 22, GoodLeap lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, so GoodLeap denies the allegations of this paragraph.

23. Responding to paragraph 23, GoodLeap lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, so GoodLeap denies the allegations of this paragraph.

24. Paragraph 24 states legal conclusions to which no response is required. To the extent a response is required, GoodLeap denies the allegations of this paragraph.

25. Responding to paragraph 25, GoodLeap lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, so GoodLeap denies the allegations of this paragraph.

26. Paragraph 26 states legal conclusions to which no response is required. To the extent a response is required, GoodLeap denies the allegations of this paragraph.

27. Responding to paragraph 27, GoodLeap lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, so GoodLeap denies the allegations of this paragraph.

28. Responding to paragraph 28, GoodLeap lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, so GoodLeap denies the allegations of this paragraph.

29. Paragraph 29 states legal conclusions to which no response is required. To the extent a response is required, GoodLeap denies the allegations of this paragraph.

## Factual Allegations

30. GoodLeap incorporates its responses to the foregoing paragraphs by reference.

31. Responding to paragraph 31, GoodLeap lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, so GoodLeap denies the allegations of this paragraph.

32. Responding to paragraph 32, GoodLeap lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, so GoodLeap denies the allegations of this paragraph.

33. Responding to paragraph 33, GoodLeap lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, so GoodLeap denies the allegations of this paragraph.

34. Responding to paragraph 34, GoodLeap lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, so GoodLeap denies the allegations of this paragraph.

35. Responding to paragraph 35, GoodLeap lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, so GoodLeap denies the allegations of this paragraph.

36. Responding to paragraph 36, GoodLeap lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, so GoodLeap denies the allegations of this paragraph.

37. Responding to paragraph 37, GoodLeap lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, so GoodLeap denies the allegations of this paragraph.

38. Responding to paragraph 38, GoodLeap lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, so GoodLeap denies the allegations of this paragraph.

39. Responding to paragraph 39, GoodLeap lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, so GoodLeap denies the allegations of this paragraph.

40. Responding to paragraph 40, GoodLeap lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, so GoodLeap denies the allegations of this paragraph.

41. Responding to paragraph 41, GoodLeap lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, so GoodLeap denies the allegations of this paragraph.

42. Responding to paragraph 42, GoodLeap lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, so GoodLeap denies the allegations of this paragraph.

43. Responding to paragraph 43, GoodLeap lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, so GoodLeap denies the allegations of this paragraph.

44. Responding to paragraph 44, GoodLeap lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, so GoodLeap denies the allegations of this paragraph.

45. Responding to paragraph 45, GoodLeap lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, so GoodLeap denies the allegations of this paragraph.

46. Responding to paragraph 46, GoodLeap lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, so GoodLeap denies the allegations of this paragraph.

47. Responding to paragraph 47, GoodLeap lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, so GoodLeap denies the allegations of this paragraph.

48. Responding to paragraph 48, GoodLeap lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, so GoodLeap denies the allegations of this paragraph.

49. GoodLeap denies the allegation of paragraph 49.

50. GoodLeap admits the allegations of paragraph 50.

51. GoodLeap admits the allegations of paragraph 51.

52. GoodLeap denies the allegations of paragraph 52.

53. Responding to paragraph 53, GoodLeap admits that the loan was for solar panels for Plaintiff's house, but denies the remaining allegations of this paragraph.

54. Responding to paragraph 54 and its footnote, GoodLeap admits the loan was docusigned and that DocuSign is a company that provides a process for electronically signing a document online. GoodLeap denies the remaining allegations of this paragraph.

55. GoodLeap denies the allegations of paragraph 55.

56. GoodLeap denies the allegations of paragraph 56.

57. Responding to paragraph 57, GoodLeap admits that Power Home Solar, LLC d/b/a Pink Energy, filed for Chapter 7 bankruptcy. GoodLeap denies the allegations of this paragraph.

58. Responding to paragraph 58, GoodLeap admits that Plaintiff provided it with information and a police report. GoodLeap denies the remaining allegations of this paragraph.

59. Responding to paragraph 59, GoodLeap admits that it investigated and that the loan has stopped being paid. GoodLeap denies the remaining allegations of this paragraph.

60. GoodLeap denies the allegations of paragraph 60.

61. Paragraph 61 states legal conclusions to which no response is required. To the extent a response is required, GoodLeap denies the allegations of this paragraph.

62. Responding to paragraph 62, GoodLeap denies it continued and added to Plaintiff's injuries by failing to follow the law. GoodLeap lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, so GoodLeap denies the remaining allegations of this paragraph.

63. GoodLeap denies the allegations of this paragraph 63.

64. Responding to paragraph 64, GoodLeap lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, so GoodLeap denies the allegations of this paragraph.

65. Responding to paragraph 65, GoodLeap lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, so GoodLeap denies the allegations of this paragraph.

66. Responding to paragraph 66, GoodLeap lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, so GoodLeap denies the allegations of this paragraph.

67. Responding to paragraph 67, GoodLeap lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, so GoodLeap denies the allegations of this paragraph.

68. Responding to paragraph 68, GoodLeap lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, so GoodLeap denies the allegations of this paragraph.

69. Responding to paragraph 69, GoodLeap lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, so GoodLeap denies the allegations of this paragraph.

70. Responding to paragraph 70, GoodLeap lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, so GoodLeap denies the allegations of this paragraph.

71. Responding to paragraph 71, GoodLeap lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, so GoodLeap denies the allegations of this paragraph.

72. Responding to paragraph 72, GoodLeap lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, so GoodLeap denies the allegations of this paragraph.

73. GoodLeap denies the allegations of paragraph 73.

## Count I
## Alleged Violations of the Fair Credit Reporting Act

**I.    GoodLeap**

74.    GoodLeap incorporates its responses to the foregoing paragraphs by reference.

75.    GoodLeap denies the allegations of paragraph 75.

76.    GoodLeap denies the allegations of paragraph 76.

77.    GoodLeap denies the allegations of paragraph 77.

78.    GoodLeap denies the allegations of paragraph 78.

79.    GoodLeap denies the allegations of paragraph 79.

80.    GoodLeap denies the allegations of paragraph 80.

81.    GoodLeap denies the allegations of paragraph 81.

82.    GoodLeap denies the allegations of paragraph 82.

83.    GoodLeap denies the allegations of paragraph 83.

84.    GoodLeap denies the allegations of paragraph 84.

85.    GoodLeap denies the allegations of paragraph 85.

86.    GoodLeap denies the allegations of paragraph 86.

87.    GoodLeap denies the allegations of paragraph 87.

88.    GoodLeap denies the allegations of paragraph 88.

## II. Equifax

89. Responding to paragraph 89, this allegation is not directed at GoodLeap, so no response is required. To the extent a response is required, GoodLeap lacks knowledge or information sufficient to form a belief about the truth of the allegations, so GoodLeap denies the allegations of the paragraph.

90. Responding to paragraph 90, this allegation is not directed at GoodLeap, so no response is required. To the extent a response is required, GoodLeap lacks knowledge or information sufficient to form a belief about the truth of the allegations, so GoodLeap denies the allegations of the paragraph.

91. Responding to paragraph 91, this allegation is not directed at GoodLeap, so no response is required. To the extent a response is required, GoodLeap lacks knowledge or information sufficient to form a belief about the truth of the allegations, so GoodLeap denies the allegations of the paragraph.

92. Responding to paragraph 92, this allegation is not directed at GoodLeap, so no response is required. To the extent a response is required, GoodLeap lacks knowledge or information sufficient to form a

belief about the truth of the allegations, so GoodLeap denies the allegations of the paragraph.

93. Responding to paragraph 93, this allegation is not directed at GoodLeap, so no response is required. To the extent a response is required, GoodLeap lacks knowledge or information sufficient to form a belief about the truth of the allegations, so GoodLeap denies the allegations of the paragraph.

94. Responding to paragraph 94, this allegation is not directed at GoodLeap, so no response is required. To the extent a response is required, GoodLeap lacks knowledge or information sufficient to form a belief about the truth of the allegations, so GoodLeap denies the allegations of the paragraph.

95. Responding to paragraph 95, this allegation is not directed at GoodLeap, so no response is required. To the extent a response is required, GoodLeap lacks knowledge or information sufficient to form a belief about the truth of the allegations, so GoodLeap denies the allegations of the paragraph.

96. Responding to paragraph 96, this allegation is not directed at GoodLeap, so no response is required. To the extent a response is

required, GoodLeap lacks knowledge or information sufficient to form a belief about the truth of the allegations, so GoodLeap denies the allegations of the paragraph.

97. Responding to paragraph 97, this allegation is not directed at GoodLeap, so no response is required. To the extent a response is required, GoodLeap lacks knowledge or information sufficient to form a belief about the truth of the allegations, so GoodLeap denies the allegations of the paragraph.

98. Responding to paragraph 98, this allegation is not directed at GoodLeap, so no response is required. To the extent a response is required, GoodLeap lacks knowledge or information sufficient to form a belief about the truth of the allegations, so GoodLeap denies the allegations of the paragraph.

99. Responding to paragraph 99, this allegation is not directed at GoodLeap, so no response is required. To the extent a response is required, GoodLeap lacks knowledge or information sufficient to form a belief about the truth of the allegations, so GoodLeap denies the allegations of the paragraph.

100. Responding to paragraph 100, this allegation is not directed at GoodLeap, so no response is required. To the extent a response is required, GoodLeap lacks knowledge or information sufficient to form a belief about the truth of the allegations, so GoodLeap denies the allegations of the paragraph.

101. Responding to paragraph 101, this allegation is not directed at GoodLeap, so no response is required. To the extent a response is required, GoodLeap lacks knowledge or information sufficient to form a belief about the truth of the allegations, so GoodLeap denies the allegations of the paragraph.

## III. TransUnion

102. Responding to paragraph 102, this allegation is not directed at GoodLeap, so no response is required. To the extent a response is required, GoodLeap lacks knowledge or information sufficient to form a belief about the truth of the allegations, so GoodLeap denies the allegations of the paragraph.

103. Responding to paragraph 103, this allegation is not directed at GoodLeap, so no response is required. To the extent a response is required, GoodLeap lacks knowledge or information sufficient to form a

belief about the truth of the allegations, so GoodLeap denies the allegations of the paragraph.

104. Responding to paragraph 104, this allegation is not directed at GoodLeap, so no response is required. To the extent a response is required, GoodLeap lacks knowledge or information sufficient to form a belief about the truth of the allegations, so GoodLeap denies the allegations of the paragraph.

105. Responding to paragraph 105, this allegation is not directed at GoodLeap, so no response is required. To the extent a response is required, GoodLeap lacks knowledge or information sufficient to form a belief about the truth of the allegations, so GoodLeap denies the allegations of the paragraph.

106. Responding to paragraph 106, this allegation is not directed at GoodLeap, so no response is required. To the extent a response is required, GoodLeap lacks knowledge or information sufficient to form a belief about the truth of the allegations, so GoodLeap denies the allegations of the paragraph.

107. Responding to paragraph 107, this allegation is not directed at GoodLeap, so no response is required. To the extent a response is

required, GoodLeap lacks knowledge or information sufficient to form a belief about the truth of the allegations, so GoodLeap denies the allegations of the paragraph.

108. Responding to paragraph 108, this allegation is not directed at GoodLeap, so no response is required. To the extent a response is required, GoodLeap lacks knowledge or information sufficient to form a belief about the truth of the allegations, so GoodLeap denies the allegations of the paragraph.

109. Responding to paragraph 109, this allegation is not directed at GoodLeap, so no response is required. To the extent a response is required, GoodLeap lacks knowledge or information sufficient to form a belief about the truth of the allegations, so GoodLeap denies the allegations of the paragraph.

110. Responding to paragraph 110, this allegation is not directed at GoodLeap, so no response is required. To the extent a response is required, GoodLeap lacks knowledge or information sufficient to form a belief about the truth of the allegations, so GoodLeap denies the allegations of the paragraph.

111. Responding to paragraph 111, this allegation is not directed at GoodLeap, so no response is required. To the extent a response is required, GoodLeap lacks knowledge or information sufficient to form a belief about the truth of the allegations, so GoodLeap denies the allegations of the paragraph.

112. Responding to paragraph 112, this allegation is not directed at GoodLeap, so no response is required. To the extent a response is required, GoodLeap lacks knowledge or information sufficient to form a belief about the truth of the allegations, so GoodLeap denies the allegations of the paragraph.

113. Responding to paragraph 113, this allegation is not directed at GoodLeap, so no response is required. To the extent a response is required, GoodLeap lacks knowledge or information sufficient to form a belief about the truth of the allegations, so GoodLeap denies the allegations of the paragraph.

114. Responding to paragraph 114, this allegation is not directed at GoodLeap, so no response is required. To the extent a response is required, GoodLeap lacks knowledge or information sufficient to form a

belief about the truth of the allegations, so GoodLeap denies the allegations of the paragraph.

## IV. Experian

115. Responding to paragraph 115, this allegation is not directed at GoodLeap, so no response is required. To the extent a response is required, GoodLeap lacks knowledge or information sufficient to form a belief about the truth of the allegations, so GoodLeap denies the allegations of the paragraph.

116. Responding to paragraph 116, this allegation is not directed at GoodLeap, so no response is required. To the extent a response is required, GoodLeap lacks knowledge or information sufficient to form a belief about the truth of the allegations, so GoodLeap denies the allegations of the paragraph.

117. Responding to paragraph 117, this allegation is not directed at GoodLeap, so no response is required. To the extent a response is required, GoodLeap lacks knowledge or information sufficient to form a belief about the truth of the allegations, so GoodLeap denies the allegations of the paragraph.

118. Responding to paragraph 118, this allegation is not directed at GoodLeap, so no response is required. To the extent a response is required, GoodLeap lacks knowledge or information sufficient to form a belief about the truth of the allegations, so GoodLeap denies the allegations of the paragraph.

119. Responding to paragraph 119, this allegation is not directed at GoodLeap, so no response is required. To the extent a response is required, GoodLeap lacks knowledge or information sufficient to form a belief about the truth of the allegations, so GoodLeap denies the allegations of the paragraph.

120. Responding to paragraph 120, this allegation is not directed at GoodLeap, so no response is required. To the extent a response is required, GoodLeap lacks knowledge or information sufficient to form a belief about the truth of the allegations, so GoodLeap denies the allegations of the paragraph.

121. Responding to paragraph 121, this allegation is not directed at GoodLeap, so no response is required. To the extent a response is required, GoodLeap lacks knowledge or information sufficient to form a

belief about the truth of the allegations, so GoodLeap denies the allegations of the paragraph.

122. Responding to paragraph 122, this allegation is not directed at GoodLeap, so no response is required. To the extent a response is required, GoodLeap lacks knowledge or information sufficient to form a belief about the truth of the allegations, so GoodLeap denies the allegations of the paragraph.

123. Responding to paragraph 123, this allegation is not directed at GoodLeap, so no response is required. To the extent a response is required, GoodLeap lacks knowledge or information sufficient to form a belief about the truth of the allegations, so GoodLeap denies the allegations of the paragraph.

124. Responding to paragraph 124, this allegation is not directed at GoodLeap, so no response is required. To the extent a response is required, GoodLeap lacks knowledge or information sufficient to form a belief about the truth of the allegations, so GoodLeap denies the allegations of the paragraph.

125. Responding to paragraph 125, this allegation is not directed at GoodLeap, so no response is required. To the extent a response is

required, GoodLeap lacks knowledge or information sufficient to form a belief about the truth of the allegations, so GoodLeap denies the allegations of the paragraph.

126. Responding to paragraph 126, this allegation is not directed at GoodLeap, so no response is required. To the extent a response is required, GoodLeap lacks knowledge or information sufficient to form a belief about the truth of the allegations, so GoodLeap denies the allegations of the paragraph.

127. Responding to paragraph 127, this allegation is not directed at GoodLeap, so no response is required. To the extent a response is required, GoodLeap lacks knowledge or information sufficient to form a belief about the truth of the allegations, so GoodLeap denies the allegations of the paragraph.

**Count II**
**Alleged Violations of N.C.G.S. § 75-50, et seq.**

128. GoodLeap incorporates its responses to the foregoing paragraphs by reference.

129. GoodLeap denies the allegations of paragraph 129.

130. GoodLeap denies the allegations of paragraph 130.

131. GoodLeap denies the allegations of paragraph 131.

132. Paragraph 132 states legal conclusions to which no response is required. To the extent a response is required, GoodLeap denies the allegations of this paragraph.

133. GoodLeap denies the allegations of paragraph 133.

134. Paragraph 134 states legal conclusions to which no response is required. To the extent a response is required, GoodLeap denies the allegations of this paragraph.

135. GoodLeap denies the allegations of paragraph 135.

136. Paragraph 136 states legal conclusions to which no response is required. To the extent a response is required, GoodLeap denies the allegations of this paragraph.

137. GoodLeap denies the allegations of paragraph 137.

138. Paragraph 138 states legal conclusions to which no response is required. To the extent a response is required, GoodLeap denies the allegations of this paragraph.

139. GoodLeap denies the allegations of paragraph 139.

140. GoodLeap denies the allegations of paragraph 140.

## Demand for Trial by Jury

141. Paragraph 141 states legal conclusions to which no response is required. To the extent a response is required, GoodLeap denies the allegations of this paragraph as Plaintiff has waived the right to a jury trial.

## Prayer for Relief

142. GoodLeap denies the allegations contained in paragraphs 1–7 on page 15 of the Complaint beginning with "WHEREFORE" and denies that Plaintiff is entitled to any relief.

## First Affirmative Defense

143. Plaintiff has failed to plead facts sufficient to state a claim upon which relief can be granted and, therefore, the Complaint should be dismissed.

## Second Affirmative Defense

144. Some or all of the purported claims and/or some or all of the relief requested in the Complaint may be barred in whole or in part by the doctrines of waiver, estoppel, laches, and/or unclean hands.

### Third Affirmative Defense

145. Plaintiff's damages, to the extent he has any, were proximately caused by the acts or omissions of third parties, or by intervening, superseding, or unforeseen causes, and not by the acts or omissions of GoodLeap.

### Fourth Affirmative Defense

146. Plaintiff's claims fail to the extent that Plaintiff's purported damages, which GoodLeap continues to deny, were the direct and proximate result of the conduct of Plaintiff or others.

### Fifth Affirmative Defense

147. Plaintiff's claims are barred by the plain terms of the applicable contracts and loan documents.

### Sixth Affirmative Defense

148. Plaintiff failed to mitigate his damages, if any exist and are proven at trial.

### Seventh Affirmative Defense

149. No private right of action exists for some or all of the claims Plaintiff asserts against GoodLeap.

## Eighth Affirmative Defense

150. Plaintiff's claims for statutory and punitive damages violates GoodLeap's right to due process of law under the Due Process clauses of the Fifth and Fourteenth Amendments to the United States Constitution, and under Article I, Section 19, 25, and 27 of the North Carolina Constitution; any award of punitive damages would be an excessive and arbitrary deprivation of property without due process of law. *BMW of No. Am. v. Gore*, 517 U.S. 559 (1996); *Cooper Indus., Inc. v. Leatherman Tool Grp., Inc.*, 532 U.S. 424 (2001); *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

151. GoodLeap reserves the right to require election of remedies or to request trial bifurcation on the issues of actual, statutory, and punitive damages under N.C. Gen. Stat §§ 1D-20 and -30, respectively.

152. To the extent the Court submits the question of statutory or punitive damages to the jury, the award of statutory or punitive damages, if any, is subject to the statutory and common law caps and limitations, and GoodLeap pleads and incorporates all defenses, limitations on damages, and other privileges contained in N.C. Gen. Stat. §§ 1D-1 through -50.

### Ninth Affirmative Defense

153. Plaintiff's claims fail because, to the extent any statutory violation occurred, which is denied, any such violation was unintentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

### Tenth Affirmative Defense

154. Plaintiff's claims are barred because GoodLeap substantially complied with all applicable statutory requirements, and the doctrine of substantial compliance bars the recovery Plaintiff seeks.

### Eleventh Affirmative Defense

155. While denying any liability or wrongdoing, GoodLeap states that any recovery by Plaintiff must be reduced or offset by the amount Plaintiff has received or will receive from others for the same injuries and damages claimed in this action.

### Twelfth Affirmative Defense

156. Plaintiff's claims against GoodLeap are barred in whole, or in part, because any actions taken and/or procedures followed by GoodLeap concerning Plaintiff were taken in good faith and in a commercially

reasonable manner, and such actions and/or procedures were authorized by contract or law, reasonable in time, manner, and scope.

## Thirteenth Affirmative Defense

157. If Plaintiff is entitled to any relief, which is denied, GoodLeap reserves the right to require election of remedies to avoid duplicative or inconsistent relief.

## Fourteenth Affirmative Defense

158. Plaintiff first breached his obligations under the applicable account agreements or failed to meet a condition precedent, so he is precluded from asserting his claims against GoodLeap.

## Fifteenth Affirmative Defense

159. Plaintiff has suffered no concrete and/or particularized harm, so they fail to present the Court with a case or controversy under Article III of the United States Constitution because he lacks standing, regardless of any allegations of a bare procedural violation.

## Sixteenth Affirmative Defense

160. Plaintiff's claims are preempted by applicable federal law and/or regulation.

### Seventeenth Affirmative Defense

161. Plaintiff's claims are barred by his consent, acquiescence, ratification, and/or failure to object to GoodLeap's actions.

### Eighteenth Affirmative Defense

162. GoodLeap had no reasonable cause to believe any information reported to credit reporting agencies regarding the account was inaccurate.

### Nineteenth Affirmative Defense

163. GoodLeap's reporting of account was at all times complete and accurate, so it did not violate the FCRA and/or is subject to an absolute or qualified privilege.

### Twentieth Affirmative Defense

164. Any inaccurate reporting of account, which is denied, was caused by the intervening negligence or conduct of third parties, or by intervening, superseding, or unforeseen causes, and not by the acts or omissions of GoodLeap.

### Twenty-First Affirmative Defense

165. Plaintiff's damages, if any, are the result of a pre-existing condition not caused nor exacerbated by GoodLeap.

### Twenty-Second Affirmative Defense

166. Plaintiff's claims are barred by the applicable statute of limitations and/or repose.

### Twenty-Third Affirmative Defense

167. Plaintiff has failed to join an indispensable party, so dismissal of this action is appropriate.

### Twenty-Fourth Affirmative Defense

168. Plaintiff's claims in this interstate transaction are subject to a valid and binding arbitration agreement governed by the Federal Arbitration Act precluding their litigation before this Court, which lacks jurisdiction over the claims and which is not the proper venue for the claims. The Court should stay the action pending such arbitration under the Federal Arbitration Act.

### Twenty-Fifth Affirmative Defense

169. GoodLeap reserves the right to amend and supplement its affirmative defenses to include any applicable defense of law or fact, or any applicable crossclaim and/or third-party claim.

**WHEREFORE,** having fully answered the Plaintiff's Complaint, GoodLeap respectfully requests that the Complaint be dismissed, with

fees and costs, and for such other and further relief as this Court may

deem just and proper.

**Nelson Mullins Riley & Scarborough LLP**

By: */s/ Matthew A. Abee*
    Matthew A. Abee, N.C. Bar No. 46949
    E-Mail: matt.abee@nelsonmullins.com
    1320 Main Street / 17th Floor
    Post Office Box 11070 (29211-1070)
    Columbia, SC  29201
    (803) 799-2000

    Chelsea K. Barnes, N.C. Bar No. 53378
    E-Mail: chelsea.barnes@nelsonmullins.com
    380 Knollwood Street, Suite 530
    Winston-Salem, North Carolina 27103
    (336) 774-3397

April 20, 2026        *Attorneys for GoodLeap, LLC*

## Certificate of Service

I certify that on the date set forth below, I electronically filed the foregoing with the Clerk of Court and all counsel of record using the CM/ECF system.

**Nelson Mullins Riley & Scarborough LLP**

By: */s/ Matthew A. Abee*
 Matthew A. Abee, N.C. Bar No. 46949
 E-Mail: matt.abee@nelsonmullins.com
 1320 Main Street / 17th Floor
 Post Office Box 11070 (29211-1070)
 Columbia, SC  29201
 (803) 799-2000

 Chelsea K. Barnes, N.C. Bar No. 53378
 E-Mail: chelsea.barnes@nelsonmullins.com
 380 Knollwood Street, Suite 530
 Winston-Salem, North Carolina 27103
 (336) 774-3397

April 20, 2026        *Attorneys for GoodLeap, LLC*